UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>and<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendants*. | Case No. 19-cv-1339 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security and the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office ("DHSHQ") coordinates FOIA requests for several DHS components, including the Office of the Secretary and Deputy Secretary. DHS has possession, custody, and control of the records that American Oversight seeks.

7. Defendant U.S. Department of Justice ("DOJ") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy

("OIP") and the Office of the Attorney General ("OAG") are components of DOJ. DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

8. On October 4, 2018, American Oversight submitted FOIA requests to DHS and DOJ seeking email communications between former Senior Counselor to the Secretary of Homeland Security and current Counselor to the Attorney General Gene Hamilton and non-governmental email addresses. American Oversight limited its requests to emails sent by Mr. Hamilton (along with complete email chains) in order to reduce the volume of responsive records.

*DHS Hamilton External Communications FOIA*

9. On October 4, 2018, American Oversight submitted a FOIA request to DHS seeking the following:

> All email communications between 1) Gene Hamilton (previously Senior Counselor to the Secretary), and 2) any email addresses ending in .com/.net/.org/.edu/.mail.
>
> American Oversight seeks all records from January 20, 2017, to October 31, 2017.
>
> In an effort to accommodate the Department of Homeland Security and reduce the number of potentially responsive records, American Oversight agrees that the search for responsive email communications may be limited to emails <u>sent</u> by Mr. Hamilton. Despite this search accommodation, American Oversight still requests that complete email chains be produced, displaying both sent and received messages.

10. On October 10, 2018, DHS acknowledged receipt of the DHS Hamilton External Communications FOIA and assigned it reference number 2019-HQFO-00015.

11. American Oversight has not received any further communication from DHS regarding the Gene Hamilton External Communications FOIA.

3

*DOJ Hamilton External Communications FOIA*

12. On October 4, 2018, American Oversight submitted a FOIA request to DOJ seeking the following:

> All email communications between 1) Gene Hamilton (Counselor to the Attorney General), and 2) any email addresses ending in .com/.net/.org/.edu/.mail.
>
> American Oversight seeks all records from October 26, 2017, to the date of the search.
>
> In an effort to accommodate the Department of Justice and reduce the number of potentially responsive records, American Oversight agrees that the search for responsive email communications may be limited to emails <u>sent</u> by Mr. Hamilton. Despite this search accommodation, American Oversight still requests that complete email chains be produced, displaying both sent and received messages.

13. On November 5, 2018, DOJ acknowledged receipt of DOJ Gene Hamilton External Communications FOIA and assigned it tracking number DOJ-2019-000063 (AG).

14. American Oversight has not received any further communication from DOJ regarding the Gene Hamilton External Communications FOIA.

*Exhaustion of Administrative Remedies*

15. As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

16. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

17. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. American Oversight properly requested records within the possession, custody, and control of Defendants.

19. Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

20. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

21. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

22. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendants.

25. Defendants are agencies subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

26. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

27. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

28. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

29. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 8, 2019

Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*